| 37 | 239 |
| 153 | 102 |

## Grosvenor *et al.*

### *v.*

### Magill & Latham.

1. Time —*fraction of a day.* While, for many purposes the law knows no division of a day, yet whenever it becomes important to the ends of justice, or in order to decide upon conflicting interests, the law will look into the fractions of a day as readily as into the fractions of any other unit of time.

2. Same. When parties contract for the performance of an act during the first half of any month containing thirty-one days, they contract that it shall be performed by noon of the sixteenth day.

3. Pleading—*proof under bad declaration.* A bad declaration does not necessarily entitle a party to recover on insufficient evidence.

4. Same. Where it is incumbent on the plaintiff to aver, in his declaration, performance of certain terms in a contract, and he avers a performance in terms susceptible of an equivocal construction, the defendant may demur, but he is not obliged to do so. He may plead the general issue, treating the averment of performance as such an averment as the nature of the contract required the plaintiff to make, and on the trial, may insist that the plaintiff shall prove such performance as the contract required.

WRIT OF ERROR to the Superior Court of Chicago.

This was an action on the case brought by Grosvenor & Co., against Magill & Latham. In the court below, the verdict and judgment were for the defendant. The facts appear in the opinion of the court.

Messrs. WALKER, STEARNS & COPELAND for plaintiffs in error.

Mr. F. PULVER for defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

This was an action on the case brought by Grosvenor & Co., against Magill & Latham, on the following contract:

CHICAGO, *July 9, 1864.*

Bought of Grosvenor & Co., 2,500 barrels Michigan No. 1 fine salt, at $3.40 per barrel, afloat, seller's option, first half of August next; salt to be new, and in good barrels, payable on delivery at Chicago.

MAGILL & LATHAM.

On the trial, the plaintiffs proved an offer to deliver the salt at a quarter before one o'clock, P. M., on the 16th of August; that it was worth $3.25 per barrel, afloat, and that the defendants refused to receive it. The plaintiffs asked the court to instruct the jury as follows:

" The law knows no division of a day, and where a party contracts to deliver goods by the first half of August, and offers to deliver them at a reasonable hour on the 16th day of August, such offer is in time, and is a sufficient compliance with the contract."

The court refused to give this instruction, and this refusal is assigned for error.

It is true that for many purposes the law knows no division of a day, but whenever it becomes important to the ends

of justice, or in order to decide upon conflicting interests, the law will look into fractions of a day as readily as into the fractions of any other unit of time. 2 Black. Com., 140, notes. The rule is purely one of convenience, which must give way whenever the rights of parties require it. There is no indivisible unity about a day which forbids us, in legal proceedings, to consider its component hours, any more than about a month which restrains us from regarding its constituent days. The law is not made of such unreasonable and arbitrary rules.

In the case at bar, the parties, by their own contract, have divided the day, by equally dividing a certain month that has an odd number of days. What reason is there for attaching the 16th day of August to the first half of the month rather than to the last? None can be given, and if attached to the last half, the vendor of the salt would have been obliged to deliver on the 15th. The first half of the month of August undeniably ends at noon on the sixteenth day, and when parties contract for the performance of an act during the first half of the month, they contract that it shall be performed by noon of the sixteenth day. These parties, by their own agreement, divided the day, and thus compel the court to divide it in order to adjust their rights.

The counsel for plaintiff in error further insist that there was a waiver by the defendants of the delivery of the salt according to the terms of the contract. The only evidence in regard to this is, that one of the defendants, being told on the 15th by plaintiffs' clerk that the salt had not arrived, and asked what should be done in case the vessel having it on board should not arrive that day, replied that the time for the delivery had not expired, and would not until next day, and that they were bound to receive and would receive the salt on the next day. This statement was perfectly consistent with the contract, and was, therefore, no waiver of its terms. The defendants were bound to receive the salt on the next day, by their contract, but only until noon, and

16

when the defendants stated that they were bound to and would receive it on the next day, we have no right to presume that they had reference to anything more than the first half of the day. They spoke of their *obligation* to receive it, and that obligation terminated at noon.

The counsel for plaintiff in error further urge that in their declaration they only averred an offer to deliver on the 16th of August, and that if such averment was not good under the contract, the defendants should have demurred, but having pleaded the general issue, the plaintiffs were only obliged to prove their case as they laid it. This is an error. A bad declaration does not necessarily entitle a plaintiff to recover upon insufficient evidence. Where it is incumbent upon the plaintiff to aver, in his declaration, performance of certain terms in a contract, and he avers a performance in terms susceptible of an equivocal construction, the defendant may demur, but he is not obliged to do so. He may, as in this case, plead the general issue, treating the averment of performance as such an averment as the nature of the contract required the plaintiff to make, and on the trial may insist that the plaintiff shall prove such performance as his contract required. In the case at bar, the defendant had a right to consider the averment of a tender of the salt on the 16th of August, in connection with the contract set out in the declaration, as being an averment of such a tender on the 16th as was required by the contract, to wit, a tender by noon, and to insist on such proof. The averment, in fact, was not sufficiently definite, and a demurrer would have been sustained, but by this defective averment the plaintiff did not acquire a right to a verdict upon evidence that showed his claim against the defendants to be without foundation.

*Judgment affirmed.*