## McCullum *v.* Turpie, Administrator.

Mortgage.—*Order of Liability of Parcels Sold by Mortgagor.*—Where lands incumbered by a mortgage are sold by the mortgagor in parcels, at different times, and paid for by the purchasers, the equitable rule is, that the several parcels are to be made liable to the payment of the mortgage in the inverse order of their sale.

Same.—A. made a note to B. for $1200, due four years after date, with interest payable annually, and, to secure the payment thereof, mortgaged certain real estate, a part of which he sold, a few days afterwards, to C. for $800, which amount the purchaser agreed to pay on said note to B., and, at the suggestion of B.'s attorney, made his note and a mortgage of the portion so purchased by him to A., for $800, payable four years after date, with interest; but, by mistake of the draftsman, such interest was not made payable annually, as was intended by the parties. The latter note provided that payment thereof might be made before maturity, and that it should not be assigned without the consent of the maker; and it and the mortgage so executed with it to A. were left with the attorney of B., under an agreement that any payment made thereon should be applied to said note of A. to B. Subsequently, A. conveyed another portion of said real estate to D., and afterwards conveyed the residue thereof to E., said D. and E. purchasing with knowledge of the previous sale to C., and with the assurance that C. was to pay $800 of the mortgage debt. C. paid the interest on his note for the first year, but the second and third years refused. The interest on the re-

maining $400 of A.'s note was promptly paid during these years, but that on the said $800 remaining so unpaid, B. foreclosed his mortgage, making all the other said parties defendants. Decree, that in default of payment, the portion of said real estate so first conveyed should first be sold, to make $800 of the principal and the unpaid interest on that sum; and that the residue of the debt secured by said mortgage to B. should be made by a sale of the part of the premises purchased by E., and if that should not be sufficient, that the residue should be made by the sale of the portion conveyed to D.

*Held*, that the decree was correct.

APPEAL from the White Common Pleas.

This was a suit to foreclose a mortgage on certain real estate, executed by John Shidler to Mary Imes, on the 20th of January, 1865, to secure a note of the same date for twelve hundred dollars, payable four years after date, with interest from date, payable annually. On the 1st of February, *1865*, Shidler sold and conveyed a part of the mortgaged premises to the appellant, McCullum, for eight hundred dollars, which he agreed to pay on the note of Shidler, secured by the mortgage in suit. It was at first agreed between the parties that McCullum should assume the payment of eight hundred dollars, and interest thereon, of the note of Shidler to Mary Imes, by giving directly to her his note for that amount, due at the same time, with interest payable annually, and executing to her a mortgage on that part of the real estate purchased by him of Shidler, to secure such note; but, for some cause, the attorney of Mrs. Imes objected to the arrangement in that form, and at his suggestion, McCullum executed his note and mortgage to Shidler for the eight hundred dollars. The note was made payable four years after date, and bore interest from date, but by mistake of the draftsman, as it is alleged, the interest was not made payable annually, as was intended by the parties.

The note and mortgage were left with the attorney of Mrs. Imes, under an agreement that any payment made thereon should be applied to the note held by Mrs. Imes on Shidler.

Shidler subsequently conveyed another portion of the mortgaged premises to Keefer, and afterwards he conveyed the residue to Dale, all of whom were made parties defendants. McCullum paid the first year's interest on his note, but refused to pay the second and third. The interest on the remaining four hundred dollars of the note from Shidler to Mrs. Imes was promptly paid for those years, but the interest on the eight hundred dollars not being paid, the complaint was filed to foreclose. Mary Imes died, pending the suit, and Turpie, having become her administrator, was substituted as plaintiff.

The court, on the final hearing, decreed that, in default of payment, the part of the mortgaged premises conveyed by Shidler to McCullum should first be sold, to make the eight hundred dollars of the principal and the unpaid interest on that sum, and that the residue of the debt secured by the mortgage should be made by a sale of that part of the premises purchased by Dale, and if that should not be sufficient, the residue should be made by sale of the portion conveyed to Keefer.

McCullum is the only appellant.

Elliott, J.—The only question presented in the case is, as to the correctness of the finding and judgment of the court, in requiring the part of the mortgaged premises sold by Shidler to McCullum to be first sold for eight hundred dollars and its interest, of the note secured by the mortgage to Mrs. Imes.

Where lands incumbered by a mortgage are sold by the mortgagor in parcels, at different times, and paid for by the purchasers, the equitable rule is, that the several parcels are to be made liable to the payment of the mortgage in the inverse order of their sale, so that the parcel last sold is first made liable. But here McCullum had paid nothing—except a year's interest, which was applied to the mortgage debt—on the parcel purchased by him, and, though his note to Shidler did not become due until a few days after the

maturity of the note of the latter to Mrs. Imes, the evidence shows that the amount of his note and its interest was to be applied, to that extent, to the payment of the latter, at maturity. In other words, the consideration to be paid by McCullum for the part of the land purchased by him was the payment of eight hundred dollars and the interest thereon, at maturity, of the note given by Shidler to Mrs. Imes.

The giving of the note to Shidler, with its attending circumstances, can scarcely be said to be inconsistent with such an intention. The note expressly provides that payment may be made at any time before maturity, and that it is not to be assigned without the consent of the maker. And then, by agreement of the parties, it was deposited with the attorney of Mrs. Imes, with directions to apply any payment made thereon to Shidler's note to Mrs. Imes.

Keefer and Dale purchased with a knowledge of the previous sale to McCullum, and with the assurance that he was to pay eight hundred dollars of the mortgage debt. Under the facts of the case, we think the decree of the court is clearly correct.

Judgment affirmed, with costs.

*S. E. Perkins, L. Jordan,* and *S. E. Perkins, Jr.,* for appellant.

*D. Turpie, D. P. Baldwin,* and *E. Hughes,* for appellee.