## CAIN *v.* HANNA ET AL.

**MORTGAGE.**—*Mortgaging same Land, on same Day, to Different Persons.*— *Priority.*—Separate mortgages upon the same real estate, executed by the

Cain *v.* Hanna *et al.*

mortgagor, to several mortgagees, upon the same day, to secure the payment of debts having no priority, and recorded within time though upon different days, have no priority.

SAME.—*Foreclosure Without Notice.*—*Sheriff's Sale.*—*Rights of Mortgagee Having no Notice.*—*Redemption.*—*Purchaser May Pay off Mortgage.*—The foreclosure of one of such mortgages, without notice to the holder of the other, and the sale and conveyance of the mortgaged premises by a sheriff pursuant to such foreclosure, do not debar such holder from either foreclosing without redeeming or redeeming and foreclosing; but the holder under such sheriff's sale may pay off such mortgage and retain the premises.

SAME.—*Tender of Redemption Money.*—*Mesne Profits.*—Such holder, in an action to redeem and foreclose, need not tender the redemption money before bringing his suit; but he can not cause the holder under such sheriff's sale to account for *mesne* profits.

From the Boone Circuit Court.

*H. C. Wills* and *J. C. Clements,* for appellant.

BIDDLE, J.—The controlling facts alleged in the complaint of the appellant, against the appellees, are as follows:

That, on the 10th day of May, 1867, William N. Kraft was the owner, in fee-simple, of the undivided one-half of certain real estate, properly described; that, so being the owner of said real estate, Kraft on said day executed two separate mortgages on the same, one to George Lupton, to secure the payment of three several promissory notes, described, due to the mortgagee, and the other mortgage to the appellant, to secure the payment of a certain promissory note due to him, also described; that Lupton's mortgage was recorded on the 10th day of May, 1867, and the appellant's on the 11th day of May, 1867; that Lupton afterward assigned his notes and mortgage to Martin V. McKinney, who, on the 3d day of September, 1867, recovered judgment thereon in the court of common pleas of Boone county, for the amount of the debt, and a decree of foreclosure on the mortgage, under which decree the sheriff of the county sold the premises to the judgment plain-

tiff, who assigned the certificate of purchase he received from the sheriff to John Peters, to whom the sheriff executed his deed accordingly; that Peters afterwards conveyed the premises to Martin V. McKinney and Estella McKinney, his wife, " who were, at the time, the owners of the other undivided half of said real estate; " that afterwards McKinney and wife conveyed the whole of said real estate to John W. Kernodle, who, with his wife, Clarissa A. Kernodle, executed a mortgage to the appellees, to secure the payment of a certain promissory note, described; that the appellees afterwards recovered judgment against Kernodle on the note, and a decree foreclosing the mortgage, under which the sheriff of the county sold the real estate to the judgment plaintiffs, who received the sheriff's deed therefor; that the appellant was not made a party to, and had no notice of, the suit by McKinney to foreclose the Lupton mortgage; that the appellant, at the May term of the Boone county Court of Common Pleas, 1868, recovered judgment *in rem* against the mortgaged premises, upon the mortgage made to him by Kraft, as aforesaid.

The complaint also alleges the value of the *mesne* rents and profits of the premises enjoyed by the appellees, and avers a tender of the balance due them.

Prayer that an account may be taken of the rents and profits, that the appellees be adjudged liable therefor, and that the amount be applied to the payment of their judgment, and, upon payment of the balance, that the appellant be allowed to redeem said premises, and have the same sold to pay his judgment, interest and costs, and for other proper relief, etc.

Upon the issue of a general denial, the case was submitted to the court, and a finding had for the appellees. By a motion for a new trial, overruled and exceptions taken, the appellant took his appeal, and has brought the evi-

dence before us, upon which the only question presented in the case arises.

At the trial the appellant introduced as evidence the mortgages, notes, judgments, decrees, executions, sheriff's returns and deeds, as charged in the complaint. As to these the question is not upon the weight of oral evidence, which is for the jury to decide, but one of the construction of written evidence, which is one for the court to decide; and we think the written evidence in this case clearly shows, that the appellant is entitled to have his mortgage debt paid out of the real estate in question. The mortgage to Lupton, under which the appellees remotely claim, and the mortgage to the appellant under which he immediately claims, were both executed on the same day, by the same mortgagor, upon the same real estate, which is now in controversy, and were both recorded within time. There is, therefore, no precedence shown between them; neither is senior or junior to the other; both stand equal upon the same ground. The appellant has the same right to have his mortgage debt paid out of the mortgaged estate as Lupton had to have his mortgage debt so paid; and all who claim under the decree of foreclosure of Lupton's mortgage, to which the appellant was not a party, and of which he had no notice, stand upon no better ground than Lupton did. But we do not think that the appellant stands in any condition to have the *mesne* rents and profits applied to appellees' debt; nor was it necessary, in a case of this kind, where both parties can be secured out of the real estate mortgaged, to make a tender before suit is brought. If the appellees will pay the appellant's mortgage debt, they, having first bought the property, will be entitled, as against the appellant, to hold it; if not, the appellant will have the right to redeem the property, as against the appellees, and subject it to payment of his mortgage debt, or to foreclose his mortgage, and sell the

property without redeeming it from appellees, if he prefers to do so. *McCullum* v. *Turpie*, 32 Ind. 146; *McKernan* v. *Neff*, 43 Ind. 503; *Hasselman* v. *McKernan*, 50 Ind. 441; *Coombs* v. *Carr*, 55 Ind. 303; *Cauthorn* v. *The Indianapolis and Vincennes R. R. Co.*, 58 Ind. 14.

The judgment is reversed, at the costs of the appellees; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.