Filed Dec. 20, 1887.

112  568
113   33
115  523

No. 13,650.

## GIBSON, ADMINISTRATOR, *v.* KEYES.

MORTGAGE.—*Fractions of a Day.*—The law will regard fractions of a day when important in the settlement of conflicting interests.

SAME.—*Mortgages Executed on Same Day.—Priority.*—Where separate mort-gages are executed to different parties on the same day, the one first ex-ecuted and delivered will have priority. *Cain* v. *Hanna,* 63 Ind. 408, and *Moffitt* v. *Roche,* 76 Ind. 75, distinguished.

From the Clark Circuit Court.

*M. Z. Stannard* and *G. H. D. Gibson,* for appellant.

*J. K. Marsh* and *W. H. Watson,* for appellee.

ZOLLARS, J.—Carr, the decedent, held a promissory note against Edward Green, secured by a mortgage upon a town lot. Appellee also held a promissory note against Green, to secure which a mortgage was given, but, by mistake, a lot not owned by Green was described therein instead of a lot which he did own. Wishing to exchange his town lots for a farm, Green requested Carr and appellee to surrender their

mortgages upon the lots and take new mortgages upon the farm. To that they consented. Between Green and Carr it was agreed that his, Carr's, mortgage, to be taken on the farm, should be first in time, and thus a prior lien. There was no agreement or understanding between Carr and appellee as to whose mortgage should be first in time or superior as a lien upon the farm.

In pursuance of the agreement between Carr and Green, and, perhaps, partially as the result of Carr's diligence, Green executed to him a mortgage on the farm, on the 5th day of March, 1878. On the same day, but two hours subsequent to the delivery of that mortgage, Green executed a mortgage upon the same farm to appellee. Carr's mortgage was delivered to the recorder first, but both mortgages were recorded on the day of their execution.

Is the Carr mortgage entitled to priority by reason of having been executed two hours before that of appellee? The court below held that neither is entitled to priority.

We are informed by the briefs of counsel that the ruling was based upon the fact that the mortgages were executed on the same day. In support of that ruling, counsel for appellee cite the cases of *Cain* v. *Hanna*, 63 Ind. 408, and *Moffitt* v. *Roche*, 76 Ind. 75. It will be found, upon an examination, that in neither of those cases was the question for decision here decided. It was held in the case of *Cain* v. *Hanna, supra*, with reference, of course, to the case before the court, that there is no priority where separate mortgages are executed by the same mortgagor to several mortgagees, upon the same day, and upon the same real estate, and to secure debts having no priority. It was not shown in that case that the mortgages were executed at different hours in the day, and hence, it might well be said, as it was in the decision of the case, that no precedence was shown as between the mortgages. The case of *Moffitt* v. *Roche, supra*, involved a single mortgage given to several persons to secure separate obligations to each. It was said that the giving of such a

mortgage was equivalent to the giving of separate mort-gages to each, without giving priority to any, when, as was there the case, the obligations were all made to mature at the same time. What was there said as to separate mortgages had reference to such mortgages made at the same time. Clearly, there is nothing in that case that at all sustains appellee's contention here.

As a general rule, as has often been said, the law does not allow of the fraction of a day. That rule, however, is in fact a fiction of the law, and is applicable to judicial proceedings, to prevent confusion and difficulty, rather than to private transactions.

In the well considered case of *Louisville* v. *Savings Bank,* 104 U. S. 469, the Supreme Court of the United States quoted with approval the following from the decision by Mr. Justice LAWRENCE in the case of *Grosvenor* v. *Magill,* 37 Ill. 239, viz.: "It is true that for many purposes the law knows no division of a day; but whenever it becomes important to the ends of justice, or in order to decide upon conflicting interests, the law will look into fractions of a day, as readily as into fractions of any other unit of time. 2 Bl. Com. 140, notes. The rule is purely one of convenience, which must give way whenever the rights of parties require it. There is no indivisible unity about a day which forbids us, in legal proceedings, to consider its component hours, any more than about a month, which restrains us from regarding its constituent days. The law is not made of such unreasonable and arbitrary rules." See, also, the other cases there cited.

The following is a part of the syllabus of the case of *Murfree's Heirs* v. *Carmack,* 26 Am. Dec. 232, which is in accord with the reasoning of the court, viz.: "Where two persons claim the same tract of land from a common source, by different conveyances, executed on the same day, the time of day such conveyances were executed may be proved, for the purpose of showing who has the better right." See, also, the cases collected and quoted from in the note.

The authorities abundantly show, that for the purpose of settling conflicting claims and titles the hours of the day when the conveyances to the several claimants were made may be shown. In other words, in the application of the maxim "*Qui prior est tempore, potior est jure,*" it may always be shown upon what day, or at what hour of the day, the deeds or mortgages out of which the conflicting claims arose were executed.

If, instead of claiming under mortgages, the parties here were claiming under deeds, clearly, either party would have the right to show at what hour of the day the deeds were executed, in order to show that he holds the superior title.

The rule applicable to deeds is equally applicable to mortgages. A mortgage in this State does not carry title, but it does create an interest in the land, and constitutes a lien which, by foreclosure, may ripen into a title. It may be observed, also, that our statute recognizes fractions of a day as connected with mortgage liens. · R. S. 1881, section 2951.

The judgment must be reversed and a new trial ordered. That the Carr mortgage was executed and delivered two hours before appellee's, is established by the evidence, without any conflict whatever.

The judgment is reversed, at appellee's costs, and the cause is remanded, with instructions to the court below to sustain appellant's motion for a new trial.

Filed Dec. 23, 1887.