Filed Sept. 26, 1888.

No. 13,422.

WOOD v. LORDIER ET AL.

MORTGAGE.—Execution of Two Mortgages on Same Day.—Priority.—Fractions
of a Day.—Where two mortgages are fully executed on the same day,
but at different hours, the one first executed in point of time is entitled
to priority of payment.

From the Allen Superior Court.

R. S. Robertson, for appellant.
J. Morris and J. M. Barrett, for appellees.

HOWK, J.—This was a suit by appellant, Wood, as plain-
tiff, against Mary A. Dustman, William R. Herrick, Frank
Zwahlen, Wyrick France, August Lordier and Alexander
McAllister, as defendants. The object of the suit was to
foreclose a certain mortgage alleged to have been executed
by defendant Dustman to the plaintiff on the 12th day of
June, 1884, on certain real estate in Allen county, Indiana,
and to collect the debt secured thereby. The other defend-
ants above named were made parties to plaintiff's action,
upon the alleged ground that they claimed to hold liens, by

mortgages or judgments, upon the real estate described in the mortgage to plaintiff, which said liens, it was averred, were inferior in equity and subject to plaintiff's mortgage sued on herein. Afterwards, the plaintiff dismissed her action as to defendants France and McAllister, and all the other defendants, except August Lordier, made default herein. Defendant Lordier answered in two paragraphs, of which the first was a general denial of the complaint herein, and the second paragraph stated a special defence. Lordier also filed a cross-complaint herein against his co-defendant Dustman, and plaintiff Wood, wherein he averred that he was the owner and holder of two certain mortgages, executed by defendant Dustman on the same real estate described in the mortgage sued on herein by plaintiff, one to Wyrick France and the other to Alexander McAllister, both dated on the 11th day of June, 1884, and both assigned to said Lordier by endorsement, which said mortgages and the notes secured thereby were averred by the cross-complainant, Lordier, to be then due and unpaid, and prior liens to the lien of the mortgage to plaintiff sued on herein. Plaintiff replied to the second paragraph of Lordier's answer, and answered his cross-complaint herein, by general denials thereof, respectively.

The cause, being at issue, was submitted to the court for final hearing, and the court found for plaintiff in the sum due on the note described in his complaint, and for the cross-complainant, Lordier, in the sums due and to become due on the notes described in his cross-complaint herein, and "that the mortgages, described in plaintiff's complaint and said Lordier's cross-complaint, were executed on the same day, and were equal liens" on the mortgaged premises. The court rendered judgments for the plaintiff and the cross-complainant respectively, in accordance with its finding, and decreed that the mortgaged real estate should be sold, as other lands are sold on execution, and that the proceeds of such sale, after the payment of costs herein and accruing costs, should be applied to the payment, *pro rata*, of the respective

judgments of the plaintiff and the cross-complainant, Lordier. Plaintiff's motion for a new trial having been overruled, she has appealed from the judgments and decree below to this court.

The only error properly assigned here by plaintiff is the overruling of her motion for a new trial. In that motion, the only causes assigned for such new trial were (1) that the finding of the court was not sustained by sufficient evidence, and (2) that such finding was contrary to law.

In his brief of this cause, plaintiff's learned counsel says : " The sole question in the case is whether, upon the facts, appellant's mortgage has priority over those mortgages set up by appellee Lordier, in his cross-complaint ; or whether the latter mortgages are entitled in equity to share *pro rata* with plaintiff's mortgage in the proceeds of the sale of the mortgaged real estate, under and by virtue of the decree of foreclosure ? " This question is fairly presented for decision by the record of this cause and the error assigned thereon ; and it is apparent, we think, that it is the only question in the case, about which there was or could be any room for controversy, which was considered and decided by the court below. The evidence in the record, without any material conflict therein, fairly showed, we think, that Mary A. Dustman, who executed all the mortgages sued on herein, as well by the cross-complainant as by the plaintiff, had agreed, on the 11th day of June, 1884, to purchase a certain lot of Wyrick France, and a certain other lot of Alexander McAllister. These purchases could not be consummated by defendant Dustman, on the day named, because she did not then have the money required to make the cash payments agreed upon, on the lots purchased. On the next day, June 12th, 1884, in the forenoon of that day, she effected a loan from plaintiff, Hester A. Wood, for which she then gave her note in the sum of $450, payable one year after date, with interest at the rate of eight per cent. per annum, and then and there executed and acknowledged the mortgage sued on herein by

plaintiff, to secure the payment of such note. Of the moneys so loaned her by plaintiff, the said Mary A. Dustman then and there used the sum of $275 in paying off and securing the satisfaction of a prior mortgage for unpaid purchase-money on the mortgaged real estate; and then the mortgage to plaintiff in suit herein was filed for record in the proper recorder's office.

After all these things had been done, and not before, the evidence further shows that said Mary A. Dustman used of the money so loaned her by plaintiff, the sum of $75 in making the cash payment on the lot purchased by her from said McAllister, and the sum of $50 in making the cash payment on the lot purchased by her from said France; and that she then and there, and not before, executed and acknowledged to said McAllister and France, respectively, the several mortgages assigned by them as aforesaid to the cross-complainant, Lordier, and described by him in his cross-complaint herein.

Without any room for doubt, as it seems to us, the foregoing facts are established by the evidence in this case, without any conflict therein. Upon these facts, plaintiff's learned counsel insists very earnestly that she, Hester A. Wood, is entitled in equity to payment in full of the amount found due her by the court below, out of the proceeds of the sale of the mortgaged real estate, before the cross-complainant, Lordier, can be permitted to share in any part of such proceeds. The court below ruled otherwise, and, upon the facts shown by the evidence, decided and decreed that the plaintiff and the cross-complainant herein were entitled in equity to share *pro rata* in the proceeds of such sale, after the payment of costs accrued and to accrue.

In the briefs of counsel, it is suggested that the court below ruled as it did upon the authority of *Cain* v. *Hanna*, 63 Ind. 408. In that case it was held that separate mortgages on the same real estate, executed by the mortgagor to several mortgagees upon the same day, to secure the pay-

ment of debts having no priority, and recorded within time, though upon different days, have no priority. The court there said : " The mortgage * * * under which the appellees remotely claim, and the mortgage to the appellant under which he immediately claims, were both executed on the same day, by the same mortgagor, on the same real estate which is now in controversy, and were both recorded within time. There is, therefore, no precedence shown between them; neither is senior or junior to the other; both stand equal upon the same ground." It does not appear from the opinion of the court, in the case cited, that the two mortgages were executed at different hours on the same day. The opinion is wholly silent on that subject. If the execution of the two mortgages was fully consummated by the delivery thereof respectively, at the same precise time, then it was correctly held that neither of them had precedence or priority over the other. But if the two mortgages were fully executed at different hours, as, for instance, the one in the forenoon and the other in the afternoon of the same day, then it ought to have been held, we think, that the mortgage first executed in point of time was entitled in equity to priority of payment.

So it was recently held by this court, in the well considered case of *Gibson* v. *Keyes*, 112 Ind. 568. In that case it appeared that one Edward Green, on the 5th day of March, 1878, executed a mortgage on his farm to appellant's intestate, Andrew J. Carr, to secure the payment of a promissory note. On the same day, but two hours after the full execution of the mortgage to Carr, the same mortgagor, Green, executed another mortgage on the same farm to appellee, Keyes, to secure the payment of another promissory note. Upon the foregoing facts the appellant claimed that the mortgage to Carr was entitled to priority over the mortgage to Keyes. But the circuit court ruled otherwise, and decided that as the two mortgages were executed on the same day, and as the law does not recognize the fractions of a day, there

was no priority in law or equity between such mortgages, and they were entitled to share *pro rata* in the proceeds of the mortgaged real estate. On appeal, this court reversed the judgment below, and remanded the cause for a new trial. In relation to the general rule, that " the law does not recognize fractions of a day," the court there said : " The authorities abundantly show, that for the purpose of settling conflicting claims and titles the hours of the day when the conveyances to the several claimants were made, may be shown. In other words, in the application of the maxim '*Qui prior est tempore, potior est jure,*' it may always be shown upon what day, or at what hour of the day, the deeds or mortgages out of which the conflicting claims arose were executed." *Murfree's Heirs* v. *Carmack,* 4 Yerger, 270; *Grosvenor* v. *Magill,* 37 Ill. 239; *Louisville* v. *Savings Bank,* 104 U. S. 469.

We are of opinion, therefore, in the case in hand, that appellant was entitled in equity to priority of payment out of the proceeds of the sale of the mortgaged real estate, and that it was error to overrule her motion for a new trial.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the motion for a new trial, etc.

Filed Sept. 27, 1888.