# SUPREME COURT.

## Silsbee and others agt. Mary E. Smith, and others.

A plaintiff who seeks to obtain an *account of the personal estate* which came to the hands of an administratrix—she being dead, her *personal representatives* are indispensible parties.

And the persons who are in possession of the lands sold by the surrogate to pay the testator's debts, are interested in having the administratrix, representatives made parties to the end that it may be established, if it can be, that debts of the testator were unpaid at the time the order of the surrogate to sell was made.

An offer to pay whatever may be found due upon the mortgages is an indispensible averment in a bill to redeem, or a tender of an amount which the plaintiff concedes to be due, Without one or the other of these averments, the complaint does not state a cause of action.

*Fourth Judicial Department, General Term, March,* 1871.
*Before* Mullin, P. J., Johnson and Talcott, *JJ.*

Appeal from an order of special term on demurrer.

*By the court,* Mullin, P. J.—There is but a single count in this complaint, and upon the facts alleged in it, the plaintiffs demand as relief, that the sales of real estate owned by the testator, Ziba, W. Cogswell at the time of his death and devised by him to his widow for life, made by the surrogate, on the petition of his widow who was appointed administratrix with the will, an order to pay the testator's debts, should be set aside as irregular and void ; the sales of portions of said real estate in foreclosure of mortgages given thereon by the testator should also be set aside for irregularity, and that certain other mortgages be set aside—that deeds of portions of the lands sold as aforesaid be set aside as fraudulent; for an accounting by the administratrix with the will annexed be ordered; that account of the rents and profits received by the widow of the testator during her life be also directed,

as well as of the assets which came into her hands as administratrix. And that an account of the rents and profits since, the death of Mr. Cogswell be also taken to the end as I infer, that the real estate which descended to the heirs on the death of the widow, may be relieved from the lien of the debts owing by the testator in his life time.

The plaintiffs do not, in terms, ask to redeem the lands from the liens remaining unpaid thereon, but such was doubtless the intention of the plaintiff's counsel, but there is no offer to pay such liens, should anything remain unpaid after applying the amount arising from the sale of the personal estate and from the income of the real.

1st. In order to obtain an account of the personal estate which came to the hands of the administratrix, she being dead, her personal representatives are indispnsible parties.

Those defendants who are in possession of the land sold by the surrogate, to pay the testator's debts are interested in having Mr. Cogswell's representatives made parties, to the end that it may be established, if it can be, that debts of the testator were unpaid at the time the order of the surrogate to sell was made.

2d. An offer to pay whatever may be found due upon the mortgages, was an indispensible averment in a bill to redeem, or a tender of an amount which the plaintiffs concede to be due, without one or other of these averments, the complaint does not set forth a cause of action, (Beekman agt. Frost, 18 Johns., 544; Frost agt. Beekman, 1 Johns. Ch., 288).

There is a misjoinder of causes of action in the complaint, and this misjoinder has led to bringing in parties proper as to one cause of action, but wholly unnecessary as to several others.

This mingling. of causes of action is claimed to be analogous in principle to that which permits, in creditors bills, making sundry debtors, or fraudulent assignees, or grantees of the judgment debtor, parties defendant. But there is

no analogy in the cases. The creditors bill has but one object, the satisfaction of the debt. And all who are liable to contribute to that object are proper parties.

But in this case, the objects of the action are numerous, and in some respects inconsistent. Such pleading cannot be sustained.

The order appealed from is affirmed, with leave to plaintiffs to amend on payment of costs of the demurrer and of this appeal, within twenty days after service of copy of the order.