FREDERICK RENARD, APPELLANT, v. JAMES J. BROWN AND LEWIS BROWN, APPELLEES.

1. **Mortgagor**: RENTS AND PROFITS OF MORTGAGED PREMISES. A mortgagor is not liable for rents and profits while he is in possession of the mortgaged premises, and his grantee will take his title and be protected to the same extent as the mortgagor. Where the equity of redemption is sold upon execution the purchaser takes the title of the mortgagor, subject to the incumbrance.

2. **Judicial Sale**: FORECLOSURE OF MORTGAGE: RIGHTS OF PURCHASER. The purchaser, under a decree of foreclosure, acquires by his deed all the interest of the mortgagor in and to the mortgaged property. And where a senior mortgagee becomes the purchaser and acquires the legal title to the premises he is not liable to account to a junior mortgagee for the rents and profits, unless it is made to appear to the court that the security is insufficient and a receiver has been appointed.

3. ———: ———: REDEMPTION BY JUNIOR INCUMBRANCER. The right of a junior incumbrancer who was not made a party to a suit to foreclose a mortgage is to redeem the senior incumbrances, not to redeem the land. *The owner of the fee redeems the land itself.* The junior incumbrancer is not entitled to the estate, but an assignment of the securities.

APPEAL by plaintiff from the district court of Washington county. Tried below before SAVAGE, J. The opinion states the case.

*Carrigan & Osborn*, for appellant.

No brief on file.

31

*Brown & Thurston*, and *William O. Bartholomew*, for appellees.

All the authorities agree that the junior mortgagee is not affected by sale under a foreclosure to which he was not a party; that as to him it stands as if no such sale had been made, and that he may redeem by paying the amount of the incumbrance. 4 Kent, 185. 2 Hilliard on Mort., 131, *et seq. Gage v. Brewster*, 31 N. Y., 218 *Hassellman v. McKernan*, 50 Ind., 444. *Parker v. Child*, 25 N. J. Eq., 41. *Hodgen v. Guttery*, 58 Ill., 431. *Gower v. Winchester*, 33 Iowa, 303. The purchaser takes only the right of the first mortgage and the mortgagor's right to redeem, leaving the land subject to the second mortgage. 2 Hilliard on Mortgages, 158. 2 Washburne on Real Prop., 224. *Vanderkemp v. Shelton*, 11 Paige, 28.

A senior mortgagee who has taken possession of the premises under a sale in foreclosure will, on redemption by a junior mortgagee who was not a party to the foreclosure, be required to account for the rents and profits accruing during the time which he held the same in possession. *Ten Eyck v. Casad and Rowley*, 15 Iowa, 524. He will be allowed for necessary repairs, but not for improvements. 1 Hilliard on Mortgages, 452. Necessary repairs are those strictly necessary to continue the property in the condition in which it was received, and not to extend or improve it. *Quinn v. Brittain*, Hoffman's R., 353.

MAXWELL, CH. J.

On the twenty-seventh day of November, 1867, Evalin Purchase executed and delivered to the plaintiff a mortgage upon the east half of the south-east quarter, and the north-west quarter of the south-east quarter of section thirty-four, in township seventeen north, range — east of

Renard v. Brown.

the sixth principal meridian, to secure the payment of a certain promissory note for the sum of $600, due in one year from date, with interest at 12 per cent., which mortgage was duly recorded.

On the twenty-seventh day of December, 1870, Purchase and wife, executed and delivered to the defendants a mortgage on the above described premises to secure the payment of two promissory notes amounting in the aggregate to the sum of $1,007.63, said notes being due respectively in nine and twelve months from date.

On the twenty-seventh day of April, 1872, the plaintiff commenced an action in the district court of Washington county to foreclose his mortgage, Purchase alone being made defendant.

At the June term (1872) of said court, a decree of foreclosure was rendered in favor of said plaintiff, the amount found due being $708. On the eighth day of September, 1873, an order of sale under said decree was issued out of said court, and on the twentieth day of October, 1873, the premises in question were sold under said order and decree to the plaintiff for the sum of $1,000. A report of said sale being made to the court, the sale was confirmed and a deed for said premises made to the purchaser, who immediately thereafter took possession, and has remained in peaceable possession thereof until the present time.

On the twenty-fifth day of April, 1874, the plaintiff commenced an action in said court against said defendants to quiet the title to said real estate, alleging the facts above set forth, and that the defendants *claimed* and *received* the surplus money arising from the sale of said premises to plaintiff, amounting to the sum of $106, and alleging that they had received divers other sums of money on said claim, and praying that the cloud on plaintiff's title to said land from said mortgage to defendants might be removed. The defendants answered

the petition of the plaintiff, testimony was taken, and in May, 1877, a decree was rendered in the cause, that said defendants should redeem said premises on or before the twenty-seventh day of February, 1878, or be forever barred; *but providing*, that if said defendants should, on or before said day, deposit with the clerk of the court the sum of $492.34 for the use of the plaintiff, the premises should be redeemed from said sale, and *all interest, right, and title of said plaintiff in and to the same or any part thereof should at once cease* and determine.

In its finding the court credited the plaintiff with the sum of $708, with interest at the rate of 12 per cent per annum, and with $125 for repairs on said premises; also with $106.82, proceeds of the sale paid to the defendants, and charged him with the *rental* value of said premises while he was in possession. The court found the amount due the defendants to be the sum of $1,781.46. The plaintiff appeals to this court.

It is well settled that the interest of the mortgagee, before foreclosure is a mere chattel interest and personal assets, and goes to the executor and not to the heir. *Taylor v. Grover*, 2 Vern, 367. *Awdley v. Awdley*, Id., 103. *Demarest v. Wynkoop*, 3 Johns., Ch. 135. *Kyger v. Ryley*, 2 Neb., 25. And where the mortgagee takes possession of the mortgaged premises *before foreclosure* he will be accountable for the actual receipts of the net rents and profits. 1 Vern, 44. 1 Eq. Cas. Abr., 328. *Robertson v. Campbell*, 2 Call, 421. *Ballinger v. Worley*, 1 Bibb, 195. *Van Buren v. Olmstead*, 5 Paige, 1. 4 Kent's Com., 166. As he holds the estate with duties and obligations similar in some respects to those of a trustee, therefore he will not be permitted to make profits out of property which he holds merely for indemnity. *Holdridge v. Gillespie*, 2 Johns., Ch. 30. 4 Kent's Com., 167.

But the mortgagor is not required to account for rents

and profits while he is in possession. *Colman v. Duke of St. Albans*, 3 Ves., 25. *Ex parte Wilson*, 2 V. B., 252. He is the owner of the land and the mortgage is a mere security for the debt. The land thus mortgaged descends to his heirs as real estate, and may be devised as such. And it may be sold on execution against the mortgagor. *Waters v. Stewart*, Cai. Cas. in error, 47. *Hitchcock v. Harrington*, 6 Johns., 290. *Collins v. Torry*, 7 Id., 278. *Denton v. Nanny*, 8 Barb., 618. *Coles v. Coles*, 15 Johns., 319. *Webb v. Hoselton*, 4 Neb., 318. *Kyger v. Ryley*, 2 Neb., 28. Willard's Eq., 433.

As the mortgagor is not liable for rents and profits while in possession, he may sell and convey the mortgaged property, and his grantee will take his title, and will be protected to the same extent as the mortgagor. And the equity of redemption may be sold upon execution, and the purchaser will take the title of the mortgagor subject to the incumbrances. 1 Green, Ch. 348. *Crow v. Tinsley*, 6 Dana, 402. *Lloyd v. Lee*, 45 Ill., 277. *Dunbar v. Starkey*, 19 N. H., 160.

Where a decree of foreclosure has been obtained, a special execution may issue for the sale of the mortgaged premises. After a sale has been made and confirmed and a deed executed and delivered to the purchaser he takes all the interest of the mortgagor in the property. Our statute provides that such deed " shall vest in the purchaser the same estate that would have vested in the mortgagees if the equity of redemption had been foreclosed, and no other or greater; and such deeds shall be as valid as if executed by the mortgagor or mortgagee, and shall be an entire bar against each of them and all parties to the suit in which the decree for such sale was made, and against the heirs respectively and all persons claiming under such heirs." General Statutes, 656.

In this case the plaintiff was not in possession of the premises as mortgagee, but as owner of the fee, and as

such is not liable to account to a junior mortgagee. There is no claim by the defendants that the security is insufficient, nor has any application been made for the appointment of a receiver. The court, therefore, erred in charging the plaintiff with the rental value of the premises.

The defendants claim the right to redeem the land and not the mortgage of the plaintiff. The rule is well settled, that the rights of those incumbrancers who were not made parties to the suit are not affected by the decree. *Draper v. Clarendon*, 2 Vern., 517. *Godfrey v. Chadwell*, Id., 601. *Haines v. Beach*, 3 Johns. Ch., 464. *Miller v. Finn*, 1 Neb., 301. But the right to redeem is not to secure a conveyance of the land, but to redeem a senior incumbrance, and the party redeeming is entitled, not to a conveyance of the premises, but to an assignment of the security. *Pardee v. Van Anken*, 3 Barb., 537. *Miller v. Finn, supra.*

The purchaser of land at a judicial sale is protected in his title, subject only to the payment of the incumbrances upon it. If a party holding a junior mortgage may redeem the land, by simply redeeming the mortgage security, then he is placed in a much more favorable situation than the purchaser of the equity of redemption. His incumbrance may be of the most trifling character, yet if he may redeem the land he may obtain for a trifling sum property many times the value of his incumbrances. But such is not the law. The right of redemption is said to be a correspondent right to that of foreclosure, and a junior mortgagee may insist upon a redemption of the *senior mortgage*, in order to the due enforcement of his claims in the land. When he does redeem he becomes substituted to the rights and interests of the original mortgagee in the land. Story's Eq., Sec. 1023.

" The owner of the *fee* of the equity of redemption re-

Renard v. Brown.

deems the *land itself*, and the decree in such case directs the mortgagee to convey all his right and title to the premises to the redeeming party. * * The owner of a junior incumbrance redeems not the *premises*, strictly speaking, but the *senior incumbrance;* and then he is entitled not to a *conveyance* of the *premises*, but to an *assignment* of the *security*." *Pardee v. Van Anken*, 3 Barb., 537.

In *Fell v. Brown*, 2 Bro., 276, a bill was filed by the second against the first mortgagee to redeem. The court held that the natural decree was that the second mortgagee redeem the first mortgagee, and that the *mortgagor* redeem him or stand foreclosed, strict foreclosure at that time being the usual mode of proceeding in a court of equity in proceedings to foreclose a mortgage.

In the case of the *Bank v. Peter*, 13 Peters, 125, the court say: " Where a junior mortgagee, to save his lien, is obliged to satisfy prior mortgages on the estate, he stands as the assignee of such mortgages, and may claim the benefits under the lien that could have been claimed by the assignor."

In *Burnet v. Denniston*, 5 Johns. Ch., 35, it was held that a subsequent judgment or mortgage creditor could redeem from a senior mortgagee, by paying the amount due on the mortgage. In that case the senior mortgagee, before foreclosure, had refused to receive the amount due on the senior mortgage, and had sought to obtain the equity of redemption through foreclosure by advertisement, which was held to be void, and the parties holding the junior mortgage were also the owners of the equity of redemption.

It is clear that the right of the defendants in the case at bar, is to redeem the senior incumbrance, and not the land. The court therefore erred in decreeing a conveyance of the land to the defendant. The premises in question is the primary fund out of which these incum-

brances must be paid in the order of their priority. The decree of the district court is reversed.   As the plaintiff is the owner of the equity of redemption, he may, if he so elect, pay the amount due the defendants on their mortgage within ninety days from this date; if he fail to pay said sum at that time the sheriff of Washington county is hereby directed to sell said premises in the manner prescribed by law, and out of the proceeds pay, *first*, the plaintiff $1,000 with interest at ten per cent from the date of his purchase in 1874, and also $125 for necessary repairs; *second*, the remainder of said sum to be applied in payment of defendants' mortgage, interest and costs, and in case the sum realized is more than sufficient to pay said claim, the overplus to be paid to the plaintiff.

DECREE ACCORDINGLY.