Coleman *et al. v.* Witherspoon.

No. 7778.

COLEMAN ET AL. *v.* WITHERSPOON.

MORTGAGE.—*Foreclosure.*—*Party.*—The mere fact, that a junior mortgagee is a party to a suit to foreclose a senior mortgage, does not estop him from afterward foreclosing his mortgage.

SAME.—*Decree, Effect of.*—A decree may bar the equity of redemption of a junior mortgagee, but it does not preclude him from subsequently maintaining an action to foreclose.

SAME.—*Decree, Construction of.*—A decree which adjudges that one lien is not inferior to another places them upon an equality as to seniority.

SAME.—*Junior Mortgagee.*—*Defence to Senior Mortgage.* —A junior mortgagee has a right to defeat the lien of a senior mortgage by showing that it was executed without consideration.

SAME.—*Notes Secured by Same Mortgage.*—*Consideration.*—*Estoppel.*—The holder of one of two notes secured by the same mortgage is not estopped from contesting the validity of the other note, where the notes are executed to different persons, and upon different considerations.

SAME.—*Former Adjudication.*—A decree that two mortgages are of equal rank concludes the parties from afterward litigating that question.

SAME.—*Decree of Foreclosure.*—*Sale.*—Where a decree of foreclosure expressly protects the rights of another mortgagee, they are not affected by a sale upon the decree.

SAME.—*Compensation for Improvements.*—Where a decree of foreclosure upon which a sale is made provides that the rights of another mortgagee shall not be thereby impaired, the purchaser at a sale upon such decree can not compel such mortgagee to make compensation for improvements made by him while in possession under such sale.

From the Gibson Circuit Court.

*J. E. McCullough* and *L. C. Embree,* for appellants.
*T. R. Paxton* and *W. M. Lamb,* for appellee.

ELLIOTT, J.—The complaint of the appellee, who was the plaintiff below, alleges that Moses C. Witherspoon and wife executed to one Gordon B. Bingham, Richard J. Coleman, and the appellee, a mortgage upon certain real estate therein described ; that the mortgage was executed to secure a promissory note for $986.25, executed to Bingham by the mortgagor, Moses C. Witherspoon, and also to indemnify the said Richard J. Coleman and the appellee against loss on

account of their undertaking as sureties on a promissory note for $1,000, executed by the said Moses C. Witherspoon as principal.   It is also alleged that the principal in the promissory note which appellee and Richard J. Coleman executed as sureties did not pay the said note, that judgment was rendered thereon, and that appellee was compelled to pay said judgment.   The complaint further alleges that said Bingham indorsed and transferred the note executed to him to the appellant, and that ''by virtue thereof she claims to have an interest and lien on said mortgaged premises.''

The appellant answered in several paragraphs, the second of which first requires our attention.   This paragraph is addressed to so much of the complaint as seeks a foreclosure of the mortgage, and alleges that in April, 1876, the appellant owned the note described in the complaint as executed to Gordon B. Bingham ; that on the 13th day of that month he instituted suit in the Gibson Circuit Court upon the said note and the mortgage securing it ; that the appellee was one of the parties defendants in said suit ; that issue was joined and trial had ; that judgment was duly rendered in favor of appellant against Moses C. Witherspoon for the principal and interest of said note ; that a finding and order was rendered, that the lien of appellant's mortgage was not junior to the lien of the appellee ; that the avails of the sale of the mortgaged property should be first paid in satisfaction of appellant's claim, and if any surplus remained that it should be paid to the mortgagor.   This answer was insufficient.   The bare fact that the appellee was a party to appellant's foreclosure proceedings did not estop him from afterwards foreclosing his mortgage.   The effect of making him a party was not to destroy his lien, but only to bar his equity of redemption.   A decree that appellant's was the senior lien would not have deprived the appellee of his right to afterwards foreclose his junior mortgage.   But the decree in the case under mention does not adjudge that the appel-

Coleman *et al. v.* Witherspoon.

lee's was the junior lien ; it simply declares that appellant's is "not junior to the lien of appellee." This creates the inference that both liens are of equal rank. The answer does not aver that the appellee's rights were barred by the decree ; it does not, indeed, aver that there was any further adjudication than that the liens were of the same force and effect. If it had been alleged that there was an adjudication of appellee's right's under the mortgage a very different question would be presented.

The third paragraph of appellant's answer is a plea of want of consideration, and is addressed to so much of the complaint as seeks a foreclosure of the mortgage. The complaint shows that appellant had an interest in the mortgaged premises, and, having this interest, she had a right to defend against the mortgage which appellee sought to enforce. A junior mortgagee may defeat, if he can, a prior mortgage, and thus increase the value of the security furnished by his own mortgage. A mortgage is a contract, and all contracts must be supported by a consideration. The answer avers, and the demurrer confesses, that there was no consideration for the mortgage upon which appellee grounded his right of action, and it appears, therefore, that the appellee had no right to maintain the action. It is, however, insisted by appellee that the appellant was not in a situation to plead want of consideration, because her own rights, as the complaint showed, were derived through the same mortgage. This position can not be maintained. The appellant had a right to defeat appellee upon the ground pleaded in her answer, for she had done nothing, so far as the pleadings show, estopping her from asserting the invalidity of the mortgage. It is true she had become the owner of one of the notes secured by the mortgage, but this did not deprive her of the right to impeach the validity of appellee's lien. She pleaded a defence valid on its face, and it is not for us to say whether it is wisdom or folly for her to attack a mortgage

which created her own lien.    Doubtless, the appellee might, by proper averments, have avoided the answer, but this is a question we need not decide, for the answer stands confessed, and it shows that the appellee founds his action on an invalid mortgage.   Courts can not, of course, give effect to a contract confessedly of no validity, because of an entire want of consideration.   The court erred in sustaining appellee's demurrer to this paragraph of the answer.

The fifth paragraph of the appellant's answer purports to answer so much of the appellee's complaint as seeks to have his lien declared equal with or superior to that of appellant's, and alleges the execution of the promissory note to Gordon B. Bingham, described in the complaint, the assignment thereof to appellant; that, prior to the execution of the mortgage described in appellee's complaint, the mortgagors had executed a mortgage to said Bingham; that said mortgage had been lost; that it was not recorded, but that the sureties named in the mortgage sued upon had actual knowledge of the existence of said former mortgage; that the mortgage sued upon was given to indemnify said sureties for a liability assumed prior to the execution thereof; that it was the express agreement between Bingham and the other mortgagees, that there should be no waiver of the lien of the last mortgage; that, on the 13th day of April, 1876, appellants instituted an action to foreclose the mortgage described in the complaint; that issue was joined and trial had; that it was adjudged that appellant recover of the mortgagor $1,275.90; that the mortgage be foreclosed, and that the property therein described should be sold and proceeds applied to payment of appellant's claim, and that appellant's lien was equal to that of appellee.

This answer is bad, for the reason, among others, that it shows an adjudication, obtained at the suit of appellant, that appellee's lien was equal to that of the appellant.   If there was a valid judgment declaring an equality of liens, the ap-

pellant clearly had no right to ask that his should be adjudged to be paramount. The judgment conclusively settled the question of priority, by placing both liens upon an equality. The appellant having obtained a judgment upon her note, and that judgment having declared that the mortgage by which it was secured was a lien of equal force and effect as that of appellee, she is not now in a situation to successfully insist that her debt was secured by a superior lien. There was no error in overruling the demurrer to this paragraph of appellant's answer.

In arguing the questions presented by the error alleged upon the ruling denying a new trial, appellant insists that, as the evidence shows that an action for foreclosure was instituted by her, in which she obtained a decree of foreclosure and order of sale of the mortgaged premises, and that as it further appears that sale of said property was made thereon, the appellee's rights under the mortgage were thereby completely barred and foreclosed. It is only necessary to say upon this point, that the decree in the action instituted by the appellant preserved the rights of the appellee. That decree contains this provision: "Preserving, however, the rights of the defendants William P. Witherspoon and Richard J. Coleman, in the said mortgaged premises." There is still another provision in the decree declaring and protecting the rights of appellee. This provision is as follows: "That by reason of their (the said defendants) interest in said mortgage, the plaintiff herein upon the one part and the said defendants upon the other part have a lien upon the real estate therein described, of even date, neither the party of the one part nor the other part having priority of lien." Where a lien is preserved and protected by the decree, a sale upon the decree can not divest it. *Krutsinger* v. *Brown*, 72 Ind. 466.

It is claimed by appellant's counsel that she was entitled to recover for improvements made by her while in possession of the land, under the sale made upon the decree of

foreclosure rendered in the action instituted upon the note executed to Bingham. This claim is groundless. The decree upon which appellant's title and right to possession rested expressly adjudged that the lien of the appellee's mortgage was a valid one, and equal in seniority to that of the appellant. She could not, therefore, rightfully demand payment for improvements made as an occupying claimant. As against one of the mortgagees in the same mortgage as that upon which her rights were founded, she could not be an occupying claimant under color of title, within the meaning of our statute. The court below allowed the appellant for necessary repairs, but refused to allow for improvements, and of this she, at least, has no right to complain.

The right and title which the appellant acquired by her purchase were such as the mortgagor possessed—not those of the other mortgagees. By the express adjudication of the court, the rights of the other mortgagees were saved, and a sale upon the decree could, therefore, in no wise impair them. The decree measured the interest to be sold, and the sale could not, and did not, enlarge this interest as against such mortgagees.

Other questions are discussed by counsel, but we do not find it necessary to consider or decide them; for what we have said in discussing the questions examined disposes of all the important questions in the case.

For the error in sustaining the demurrer to the second paragraph of the answer, the judgment is reversed.