No. 7935.

## CATTERLIN ET AL. *v.* ARMSTRONG.

FORECLOSURE.—*Senior and Junior Mortgages.*—The rights of a junior mort-gagee are in no wise affected by the foreclosure of a senior mortgage, unless he is made a party to the foreclosure proceeding.

SAME.—*Purchaser With Notice of Junior Mortgage Holds as Mortgagor.—Permanent Improvements Subject to Lien.*—The purchaser under the foreclosure of a senior mortgage, having constructive notice of a junior mortgage duly recorded, holds the land as if he had himself mortgaged it, and all buildings and permanent improvements made by him thereon become subject to the lien of the junior mortgage.

SAME.—*Value of Land.*—In an action by a junior mortgagee against a mortgagor and the purchaser under a foreclosure of the senior mortgage, the value of the land at the time he bought it is not in question.

SAME.—*Complaint.*—In an action to foreclose a mortgage as to part only of the property mortgaged, the complaint alleging that the other lands embraced therein had been sold on judgments rendered prior to the date of the mortgage, no error is committed in refusing to require the plaintiff to foreclose as to the tracts so sold.

SAME.—*Improvements and Taxes.—Cross Complaint.—Counter-Claim.*—In such action, the purchaser, not being liable for rents and profits, can not by cross complaint require that he be allowed for his improvements and taxes paid, but may by counter-claim ask that upon default of a redemption by either, and on sale, upon foreclosure, the proceeds of the sale be applied first to reimburse him and then in payment of the junior mortgage, and that the surplus, if any, be paid to him.

SAME.—*Redemption.*—In such case, a finding that the junior mortgagee ought to redeem by paying the purchaser within a fixed time an ascertained amount is contrary to law. A junior mortgagee is under no obligation to redeem the first mortgage. He may foreclose without redeeming.

SAME.—*Improvements.—Covenant.*—In a suit for foreclosure, the mortgagor is not entitled, as against the mortgagee, to be allowed for improvements made by him on the mortgaged property, unless there be a covenant in the mortgage for such allowance in case of foreclosure.

SAME.—*Statute of Limitations.*—An action to foreclose a mortgage may be commenced within twenty years after the cause of action accrued.

PRACTICE.—*Inspection of Papers.—Notice.*—Due notice of a motion for an order granting an inspection of papers is necessary.

PAROL EVIDENCE.—*Indemnity Mortgage.—Payments.*—In an action to foreclose an indemnity mortgage, parol evidence is admissible to prove payments made upon notes set forth and described in the mortgage, without producing or accounting for the notes.

From the Clinton Circuit Court.

Catterlin *et al. v.* Armstrong.

*J. N. Sims,* for appellants.

*L. McClurg* and *J. V. Kent,* for appellee.

BICKNELL, C. C.—In September, 1851, John W. Blake mortgaged land to Moses A. Kerr.   Afterwards, in August, 1859, he and his wife mortgaged the same land and other lands to the appellee, to indemnify him as surety for Blake on certain notes.   This mortgage was duly recorded.   Kerr obtained a decree foreclosing his mortgage in June, 1860, but did not make Armstrong a party to the foreclosure suit. The land was sold under Kerr's decree, in August, 1860, and the appellant Catterlin bought it for $305.50, and put valuable buildings upon it.   All the other land embraced in the mortgage to Armstrong, except the land in controversy, was sold under executions issued on judgments rendered against Blake before the date of the mortgage to Armstrong.   Catterlin has been in possession of the land ever since his purchase, and has enjoyed the rents and profits thereof, which accrued solely by reason of his improvements—the property when he bought it had no rental value.   Armstrong, as surety for Blake, had to pay, upon the matters covered by the indemnity mortgage, several thousand dollars.   At the March term, 1878, of the Clinton Circuit Court, Armstrong, the junior mortgagee, brought this suit against Catterlin and Blake and wife to foreclose his mortgage.   This suit was commenced on the 26th of February, 1878, more than seventeen and a half years after the date of the mortgage.

The complaint stated all the foregoing facts except the improvements of Catterlin, alleged that Catterlin had received rents and profits more than enough to repay him the purchase-money of the land, and prayed for judgment against Blake, and the foreclosure of said junior mortgage, and for an account of the rents and profits, and that the land be sold and proceeds applied, first, to the payment of Catterlin's purchase-money, to wit, $305.50, with interest, less the amount of the rents and profits; and second, to the payment of the judg-

ment to be rendered in favor of Armstrong against Blake, and for all other proper relief.

The substance of Armstrong's claim is, that all of Catterlin's rents and profits shall be taken to pay Armstrong's claim, and that Catterlin shall lose both his property and rents, and have nothing but his $305.50, and interest, although he holds the property as owner, subject only to Armstrong's mortgage.

The defendants moved to make said complaint more specific, which motion was overruled. The defendant Catterlin then moved that the plaintiff be compelled to amend his complaint, so as to ask a foreclosure of his mortgage against the other parcels of land therein described, and to seek relief against such property before selling any of said defendant's property, and this motion was overruled.

The defendant Catterlin then demurred to the complaint for the want of facts sufficient, etc., and said demurrer was overruled. The defendants then moved to strike out parts of the complaint, and this motion was overruled. The defendants then moved for a bill of particulars of the moneys paid by said plaintiff as surety for said Blake, and this motion was overruled.

The defendants then answered the complaint. Catterlin answered separately :

1st. In denial.

2d. That the cause of action as to him did not arise within fifteen years next before suit brought.

3d. Payment before suit brought.

4th. Accord and satisfaction before suit brought.

5th. That he paid for the property its full cash value, and that it had of itself no rental value, and that all the rents thereof are the result of the improvements by him placed upon the property.

6th. That when he bought the property it had no improvements except an old worn-out one-story frame building, not fit to live in and of no rental or other value ; that he bought the property without actual knowledge of plaintiff's mortgage and afterward took away the old building and put on the property

a two-story block of brick buildings at an expense of $10,000, and that plaintiff stood by and saw defendant buy and pay for the land, and had full knowledge of defendant's improvements as they were made, and failed to notify defendant of his said claim.    Wherefore said plaintiff is estopped, etc.

7th. That he paid the full value of the property and bought and made his improvements without actual notice of the plaintiff's mortgage; that he built on said mortgaged land and on adjoining land a building worth $10,000; that the part of the building covering said mortgaged land is worth $6,000; that plaintiff stood by and saw him make said purchase and improvements, without giving any notice of his said claim. Wherefore defendant asks that if there be a foreclosure of plaintiff's mortgage an account be taken, and that plaintiff have foreclosure for so much only as said land was worth over and above the purchase-money, and for the rental value thereof, aside from the rental value arising from said improvements, and over and above the lawful interest on said purchase-money.

The plaintiff replied in denial of the third and fourth paragraphs of said answer, and demurred to each of the other paragraphs except the first for want of facts sufficient, etc., and all of said demurrers were sustained.

The defendant Blake and wife answered jointly:  1st. In denial.   2d. Payment.   3d. Accord and satisfaction.

The plaintiff replied in denial of the second and third paragraphs of this joint answer, and the cause was then at issue as to all of the defendants upon the complaint, the general denial and the pleas of payment and accord and satisfaction denied.

The defendant Catterlin then filed a cross complaint in two paragraphs, to wit:

1st. That he has made improvements on said property of the value of $7,000; that without such improvements the property is not worth more than $300; that for eighteen years

past he has paid taxes on said property, to wit, $100 per year, and he prays that, in case of foreclosure, he may have credit for the moneys so expended in improvements and taxes, with six per cent. interest, in all $18,000, and that the property shall not be sold for less than $18,000, unless plaintiff will pay to said defendant the deficiency, and that said defendant be fully indemnified for his said outlays and the interest thereon, and that the costs of this suit be paid before any of the proceeds of said property be applied in discharge of said plaintiff's claim.

2d. That he bought and paid for said property in good faith and without knowledge of plaintiff's claim, and has put valuable improvements thereon, and paid taxes therefor, amounting in all to $10,000, on which interest has accrued, to wit, $8,000, which he asks may be taken into account, and that the property may not be sold until the plaintiff pays defendant said sums of money and the costs of this suit.

The plaintiff demurred to each of the paragraphs of said cross complaint for want of facts sufficient, etc., and said demurrers were overruled.

The plaintiff then moved to strike out certain parts of said cross complaint, and the court struck out the following, to wit: "That said premises without said improvements were not worth more than $300;" and also the prayer, that "the property shall not be sold for less than $18,000, unless plaintiff will pay to said defendant the deficiency."

The plaintiff then answered the cross complaint by a general denial.

The defendants moved for an order for an inspection of the notes which it was alleged the plaintiff had paid as surety for Blake, and said motion was overruled by the court.

The issues joined were tried by the court without a jury, and the court found $4,413.10 due from Blake to the plaintiff, and that Catterlin, for permanent improvements, purchase-money and taxes, was entitled, over and above the rents received by him, to the sum of $1,685.95, and that the plaintiff

ought to redeem said property by paying Catterlin $1,685.95, in ninety days.

Judgment was rendered in favor of the plaintiff against Blake for $4,413.10, and costs, and that the equity of redemption of Blake and wife in said land be foreclosed, and that, upon the redemption of the land by the plaintiff, the same should be sold by the sheriff, and the proceeds applied,

1st. In payment of costs.

2d. In payment of this judgment.

3d. In payment to Armstrong of the said amount to be paid by him for redemption.

4th. The overplus, if any, to be paid to said Catterlin, and if the premises should fail to sell for enough to pay said judgment, principal, interest and costs, then the residue should be levied of the property of the defendant Blake.

It appears from the record that this judgment was rendered on the 15th of January, 1879, over the objection and exception of the defendants. On the day following, the defendants moved in arrest of judgment, "for reasons apparent on the records," and this motion was overruled.

The defendant Catterlin moved for a new trial for the following reasons:

1. Error in the assessment by the court of the amount of recovery, the same being too large.

2. Error in the credits allowed to this defendant, the same being too small.

3. That the finding is not sustained by sufficient evidence.

4. That the finding was contrary to the evidence.

5. That the finding was contrary to law.

6. Error of law at the trial:

*A.* In admitting parol evidence to prove payment by plaintiff as surety and endorser for Blake, without producing the notes and instruments on which said payments were claimed to be made, and without surrendering the same for cancellation, or for the use of said defendant Catterlin.

*B.* In permitting the plaintiff to prove payment by him of

a note purporting to have been executed by plaintiff alone to one John M. Cowan, and dated after the date of plaintiff's mortgage.

*C.* In refusing to permit the said defendant to prove that the ground in controversy, with the improvements then on it, was not, on the 11th day of August, 1860, worth more than $305.50.

The defendants Blake and wife moved for a new trial for the following reasons :

1st. The finding and judgment are not sustained by sufficient evidence.

2d. The finding and judgment are contrary to the evidence.

3d. The finding and judgment are contrary to law.

4th. Error in the amount of the recovery, the same being too large.

5th. Error of law occurring at the trial, in permitting the plaintiff to prove by parol testimony, payments made by him as surety and endorser for Blake, without producing the notes and instruments on which such payments were made, and without surrendering the same for cancellation.

These motions for a new trial were overruled, and the defendants appealed from the judgment.

The appellants assign errors jointly, as follows :

1. In overruling appellants' motion that the complaint be made more specific.

2. In overruling appellants' motion for a bill of particulars.

The appellant Catterlin assigns errors severally, as follows :

1. In refusing to require the appellee to amend his complaint, so as to ask foreclosure of his mortgage as to the other lands embraced therein.

2. In overruling the motion that the complaint be made more specific.

3. In overruling the demurrer to the complaint.

4. In sustaining the appellee's demurrers to the second, fifth, sixth and seventh paragraphs of this appellant's answer.

5. In sustaining the appellee's motion to strike out certain words from this appellant's cross complaint.

6. In overruling this appellant's motion for an inspection of the notes mentioned in his complaint.

7. In overruling appellant's motion for a new trial.

8. In rendering the judgment and decree of foreclosure in manner and form as set out in the record.

The appellants Blake and wife assign error jointly, as follows:

1. The court erred in overruling their motion for a new trial.

The appellee assigns cross errors as follows:

1. In overruling appellee's demurrer to the first paragraph of the cross complaint of the appellant Catterlin.

2. In overruling appellee's demurrer to the second paragraph of the cross complaint of Catterlin.

First. As to the demurrer to the complaint. The complaint was not a bill to redeem; it was a complaint by a junior mortgagee to foreclose his mortgage, after a foreclosure and sale under a senior mortgage in a suit to which the junior mortgagee was not made a party.

It is well settled in Indiana, that the rights of a junior mortgagee are in no wise affected by the foreclosure of a senior mortgage, unless he is made a party to the foreclosure proceeding. *Hosford* v. *Johnson,* 74 Ind. 479, and cases there cited. The appellee, therefore, had a right to foreclose his mortgage; his complaint was sufficient for that purpose. In such a case, superfluous allegations and a prayer for inappropriate relief, in addition to the foreclosure, are not ground of demurrer. There was no error in overruling the demurrer to the complaint. .

The purchaser under the foreclosure of the senior mortgage had constructive notice of the junior mortgage, which had been duly recorded, and was on record at the time of the purchase. He therefore bought the property subject to that junior mortgage, and held it just the same as if he had himself mortgaged it to the junior mortgagee, and all buildings and permanent improvements, made by him upon the mort-

gaged property, became subject to the lien of the junior mortgage. Jones on Mortgages, sections 147 and 681, and cases there cited; *Coleman* v. *Witherspoon*, 76 Ind. 285. In a suit for foreclosure, the mortgagor is not entitled, as against the mortgagee, to be allowed for improvements made by him on the mortgaged property, unless there be a covenant in the mortgage for such allowance in case of foreclosure. *Childs* v. *Dolan*, 5 Allen, 319; *Phillips* v. *Holmes*, 78 N. C. 191.

It is not absolutely necessary to consider what the rule would be on a complaint to redeem, because the complaint in the case at bar does not ask for redemption; there is no allegation of tender of the amount necessary to redeem, and no offer to pay that amount. *Allerton* v. *Belden*, 49 N. Y. 373; *Silsbee* v. *Smith*, 60 Barb. 372. It is true that where a mortgagee is in possession, and redemption is sought against him, he is chargeable with the rents and profits, and in that case, if the complaint shows that the mortgagee has received rents and profits enough to pay principal and interest of his debt, a tender or offer to pay is not necessary. *Calkins* v. *Isbell*, 20 N. Y. 147; Jones on Mortgages, section 1096. But in that case the complaint should allege payment of the mortgage and demand an accounting. *Ibid.* The complaint in the present case, claiming only foreclosure and not claiming redemption, contains an averment as to the rents and profits and asks an accounting, and the prayer of the complaint is as follows:

"Wherefore plaintiff prays judgment against said John W. Blake for the sum of $10,000 and the foreclosure of the said mortgage to the plaintiff as aforesaid on said real estate; that the equity of redemption of said real estate mortgaged be foreclosed; that an account be had of the rents and profits of said real estate enjoyed by said Catterlin; that said real estate be ordered sold for the purpose of making the said sum due the plaintiff; that said sheriff's sale to said Catterlin be declared null and void, or that the said lands be ordered sold and the proceeds of said sale be applied, first, to the payment of the

said bid made by said Catterlin at said sheriff's sale, with the interest thereon, less the rents and profits enjoyed by said Catterlin; second, to pay any judgment obtained in this suit by the plaintiff; and that the plaintiff may have such other and further relief as he may be entitled to in law or equity."

The complaint does not differ from an ordinary complaint for foreclosure, except that it claims a share of Catterlin's rents and profits.

As already stated, the complaint contains a good cause of action for foreclosure; but the allegations as to the rents and profits and the accounting are mere surplusage; there is no cause of action against Catterlin, the purchaser at the foreclosure sale, for rents and profits; he holds the property as his own, subject to Armstrong's mortgage; the property and everything upon it, in the way of fixtures and permanent improvements, are liable to be sold to satisfy that mortgage, and that is all to which the plaintiff is equitably entitled upon the present complaint. Even upon a complaint to redeem, Catterlin would not be liable to account for the rents and profits. A purchaser at a foreclosure sale, defective because a junior mortgagee was not made a party, upon a subsequent redemption by the latter, must account for the rents and profits, if such sale operates merely as an assignment of the first mortgage. *Ten Eyck* v. *Casad*, 15 Iowa, 524. But if the sale operates not only as an assignment of a prior mortgage, but as a foreclosure of the equity of redemption, subject to the junior mortgage, the purchaser standing in the place of the mortgagor or owner of the premises is not liable to account for the rents and profits. *Renard* v. *Brown*, 7 Neb. 449; Jones on Mortgages, 1118. And even where a mortgagee in possession is liable, upon a complaint to redeem, for ordinary rents and profits, he is not liable for such rents and profits as are directly the fruit of permanent improvements made by him, and arise exclusively from such improvements. *Moore* v. *Cable*, 1 Johns. Ch. 385. Such mortgagee will not be charged with the increased rents and profits arising from the use of any permanent improve-

ments made by himself. *Bell* v. *The Mayor of New York,* 10 Paige, 49.

The complaint being sufficient as a complaint for foreclosure, and the junior mortgage being a part of the complaint, and the notes secured thereby being set forth in said mortgage, there was no error in overruling the motion to make the complaint more specific, nor in overruling the motion for a bill of particulars; and, inasmuch as the complaint averred that all the other property embraced in the junior mortgage had been sold on execution, on judgments against Blake, rendered prior to the date of such mortgage, there was no error in refusing to require the appellee to amend his complaint so as to ask foreclosure as to such other lands.

There was no error in sustaining the appellee's demurrer to Catterlin's second paragraph of answer, which pleaded the statute of limitation of fifteen years; the time of limitation in such a case is twenty years. Practice act, sec. 211, clause 5.

And there was no error in sustaining the appellee's demurrers to the fifth, sixth and seventh paragraphs of Catterlin's answer. The matters set up in those paragraphs are not good defences to a suit for foreclosure.

There was no error in sustaining the appellee's motion to strike out certain words from the appellant Catterlin's cross complaint, as will appear fully hereafter in considering the cross errors assigned.

And there was no error in overruling the appellant's motion for an inspection of the notes mentioned in the appellee's mortgage. Section 306 of the code provides that "The court or a judge thereof, may, under proper restrictions, upon due notice, order either party to give the other, within a specified time, an inspection," etc. The record does not show that any notice of such motion was given in this case.

As to the reasons alleged for a new trial, there was no error in admitting parol evidence to prove the payments made by Armstrong upon the notes set forth and recited in the mortgage, and it was not necessary to produce those notes at the

trial, nor to give any reason for their non-production, and it made no difference whether the payments were made upon those notes or upon other notes given in renewal thereof, or in exchange therefor. And there was no error in refusing to permit the appellant Catterlin to prove the value of the land at the time he bought it; the land was subject to the mortgage, whether it was increased or diminished in value.

But it appears from what has already been stated, that the finding and judgment were contrary to law. The defendant Catterlin was not liable to account for his rents and profits, and the finding that the appellee ought to redeem said property by paying Catterlin $1,685.95, in ninety days, can not be sustained. A junior mortgagee is under no obligation to redeem the first mortgage; he may foreclose without redeeming. *Cain* v. *Hanna*, 63 Ind. 408. And even on a bill to redeem, in a case of this kind, the purchaser under the first mortgage, standing in the place of the mortgagor, as owner of the premises subject to the junior mortgage, would not be liable to account for the rents and profits. *Renard* v. *Brown, supra.*

The finding and judgment of the court below would be wrong even if this were a suit to redeem, or even if the prayer for other relief should be construed to include a prayer for redemption. A junior incumbrancer, who, not having been made a party to a foreclosure of a prior mortgage, afterwards redeems, redeems not the premises, but the prior incumbrance, and he is entitled, not to a conveyance of the premises, but to an assignment of the security. *Fell* v. *Brown*, 2 Bro. C. C. 276; *Pardee* v. *Van Anken*, 3 Barb. 534.

Therefore, if the prior mortgagee in such case has become the purchaser at the foreclosure sale and has thus acquired the equity of redemption of the mortgaged premises, the junior mortgagee, upon redeeming, is not entitled to a conveyance of the estate, but to an assignment of the prior mortgage; whereupon the prior mortgagee, as owner of the equity of redemption, may, if he choose, pay the amount due on the junior mortgage, redeeming that. The decree in such a case would

be that the junior mortgagee redeem the first mortgage; that the first mortgagee, or purchaser, as owner of the equity of redemption, redeem from the junior mortgagee; and if he fail to do so, that the premises be sold to pay, first, the prior mortgage, second, the junior mortgage, and that the surplus, if any, be paid to the purchaser as owner of the equity of redemption. *Renard* v. *Brown, supra;* Jones on Mortgages, section 1075.

In the present case the appellee, in foreclosing his mortgage, could be entitled to no more than a judgment against Blake for the amount due thereon, and to foreclosure, and an order for the sale of the mortgaged property as it stands, to satisfy such judgment and the costs of this suit, and that the surplus, if any, be paid to the appellant Catterlin, and that for the deficiency, if any, execution be issued against the appellant Blake.

The court erred in overruling the motion for a new trial, and the judgment below ought to be reversed.

The appellees' cross errors are, that the court erred in overruling the demurrers to the first and second paragraphs of the cross complaint of Catterlin. In such a suit for foreclosure, such paragraphs were irrelevant. Catterlin, not being liable for rents and profits, but standing just the same as if he, being owner of the property, had mortgaged it to Armstrong, he had no right to be allowed anything for his improvements or taxes; but he might have filed a counter-claim for the amount paid by him as purchaser with interest, praying that the appellee might be compelled to redeem the first mortgage, and that then he, Catterlin, might redeem the appellee's mortgage, and that, in default of such redemptions, the proceeds of the sale on foreclosure should be applied first to reimburse him as such purchaser, and then in payment of the junior mortgage, and the surplus, if any, to him.

The court erred in overruling the demurrers to the cross complaint, and its judgment ought to be reversed and the cause remanded for a new trial.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things reversed, and that the costs. of this appeal be paid one half by the appellee and the other· half by the appellants, and this cause is remanded, with instructions to the court below to sustain the demurrers to the first and second paragraphs of the cross complaint, and that both parties have leave to amend their pleadings.