Catterlin *et al. v.* Armstrong.

No. 11,533.

CATTERLIN ET AL. *v.* ARMSTRONG.

MORTGAGE. — *Indemnity.* — *Foreclosure.* — *Breach of Condition.* — *Pleading.* — *Complaint.* — A complaint to foreclose a mortgage to indemnify a surety, containing an agreement to pay the debt and to keep the surety unharmed as such, which assigns for breach a failure to so pay and save the plaintiff unharmed, and averring that the plaintiff was compelled to and did pay, is good without alleging a failure to repay the plaintiff.

SAME. — *Foreclosure.* — *Ownership of Mortgaged Property.* — *Parties.* — *Bankruptcy.* — *Answer in Bar.* — An answer in bar to a complaint to foreclose a mortgage, that some of the lands were not owned by the defendant, but were and are the property of M. who is not a defendant, is bad on demurrer; so, also, an answer that the mortgagor had been adjudged a bankrupt and discharged after the cause of action accrued.

SAME. — *Statute of Limitations.* — A suit to foreclose a mortgage is not barred by the statute of limitations until the lapse of twenty years.

SAME. — *Junior Mortgagee.* — *Improvements.* — Where a senior mortgage has been foreclosed without making the junior mortgagee a party, and the land sold under the decree, the junior mortgagee whose mortgage was recorded is not bound to redeem, or offer to do so, but may sue the purchaser to foreclose, and in such case the purchaser can not claim for improvements or taxes paid.

SAME. — *Marshalling Securities.* — In such case, if the rights of the defendant would require that the securities be marshalled, the complaint being silent as to any facts requiring it, the defendant should by counterclaim allege such facts and pray relief.

PRACTICE. — *Motion by Defendant to Compel Plaintiff to Enlarge Prayer for Relief.* — A motion by a sole defendant, after issues are formed, to compel the plaintiff to enlarge his prayer for relief, comes too late, and is unwarranted at any time.

From the Clinton Circuit Court.

*J. N. Sims, T. A. Hendricks, C. Baker, O. B. Hord, A. W. Hendricks, A. Baker* and *E. Daniels,* for appellants.

*J. V. Kent, W. R. Moore* and *J. W. Merritt,* for appellee.

MITCHELL, J.—This cause is here on appeal the second time in substantially the same form. *Catterlin* v. *Armstrong,* 79 Ind. 514. The questions made before, except as to the statute of limitations, are not now in the record, or are not again presented. It is a proceeding to foreclose an indemnity

mortgage executed by John W. Blake on certain lands therein described to Armstrong. The appellee had become bound as surety for Blake on certain notes described in the mortgage, which contained in it a stipulation that " said Blake expressly agrees to pay all of the above described notes without any relief whatever from valuation and appraisement laws, and to keep the said Isaac D. Armstrong unharmed as his security."

The breach charged is that " said John W. Blake did not pay the sums of money in said mortgage stated and save said plaintiff unharmed, but that on the contrary said plaintiff was compelled to and did pay all of said sums in full."

After the execution of the Armstrong mortgage, Catterlin became the owner of Blake's interest in the part of the land here involved, by purchase under a decree of foreclosure of a prior mortgage given by Blake to one Kerr; Armstrong was not made a party to the proceedings in the Kerr foreclosure. The complaint is needlessly encumbered with a recital at large of the proceedings to foreclose the Kerr mortgage. All that was material in that connection was to have averred that Catterlin had become, or claimed to be, the owner of Blake's interest in the mortgaged premises, and that he was in possession. How he derived his title was immaterial. If there was any claim that Armstrong's interest in the land had been barred by the Kerr foreclosure, that was matter for Catterlin to have brought forward by answer, and need not have been anticipated in the complaint. All that is said in the complaint, upon the theory which it counts, respecting the Kerr mortgage, and its foreclosure and the sale under it, is of no further consequence than to show that Catterlin was at the time of the commencement of this proceeding the owner of the fee in the land, and that he was in possession.

It is now urged that the court below erred in overruling a demurrer to the complaint, and the point is made that it contains no averment, either directly or inferentially, that the money which the appellee paid as the surety of Blake had not been repaid to him.

It has been frequently held that good pleading requires that in all actions for breaches of contract for the payment of money, the complaint should either aver a non-payment of the money demanded, or facts from which its non-payment can be fairly inferred. *Wheeler and Wilson M'f'g Co.* v. *Worrall,* 80 Ind. 297 ; *Higert* v. *Trustees, etc.,* 53 Ind. 326 ; *Michael* v. *Thomas,* 27 Ind. 501 ; *Kent* v. *Cantrall,* 44 Ind. 452.

It will be observed, however, that the mortgage sought to be foreclosed in this record is one of indemnity, in which there was written a direct stipulation to pay the several notes on which the appellee was bound as surety, and it has been held that a failure on the part of the mortgagor to pay the debt according to the engagement in the bond or mortgage constitutes such a breach as entitles the mortgagee to foreclose his mortgage at once, even without paying the debt himself. *Gunel* v. *Cue,* 72 Ind. 34 ; *Strong* v. *Taylor School Tp.,* 79 Ind. 208 ; *Bodkin* v. *Merit,* 86 Ind. 560.

In all actions to recover money due on promissory notes, or for the breach of contracts by the terms of which money is to be paid to the obligee in the contract, the failure to pay the money to the plaintiff constitutes the breach which gives the right of action, and in all such cases it must be averred that the money is due and remains unpaid; but where a bond or mortgage contains a stipulation that the obligor or mortgagor will pay a sum of money to a third person, and save the obligee or mortgagee harmless, the failure to pay according to the stipulation constitutes the breach, and makes the right of action immediately complete. In such cases, where the stipulation to do the thing, the failure, and that the plaintiff has thereby sustained damage, are averred, the cause of action is sufficiently stated.

If no damage has been sustained, and none is probable, or if having been sustained it has been paid, these are proper matters to be averred and shown in defence. There was no error in overruling the demurrer to the complaint.

The mortgage, a copy of which is embodied in the com-

plaint, embraces a description of other parcels of land in addition to that owned by the appellant. The prayer of the bill only asked a foreclosure against the appellant's land. After the issues were fully completed, the appellant filed his written motion in which the court is asked to "order the plaintiff to embody in his complaint a description of and prayer for foreclosure of the mortgage mentioned in his complaint, against all the other lands mentioned and described in said mortgage." This motion was overruled by the court, and this ruling, it is argued, was error.

The court having properly held the complaint sufficient, and the case having been put at issue, it is not perceived how the motion could have been sustained. It is not apparent how the court could then have ordered the appellee to insert something more in his complaint, or in the prayer for relief, nor do we discover how the refusal to make the order operated to the injury of the appellant. Under this assignment the doctrine of marshalling securities is adverted to somewhat, and it is said in argument, too, "that if a joint personal surety is sued without the joinder of his co-sureties, and this appears from the face of the complaint, he may demur;" and further, that "the general proposition is familiar that the release of one of several joint debtors is a release of all the others," and the proposition is sustained by authority that a party has no right to split up his cause of action, etc. Conceding all this, we are yet unable to discover how it tends to show that the appellant's motion should have been sustained. The real estate covered by the mortgage was all described in the mortgage, which was copied into the body of the complaint, and it was in no aspect of the case necessary or proper to describe it further. If any of it had been released from the mortgage to the detriment of the appellant, or if for any reason other tracts were or should have been made equally or primarily liable, with or before that owned by appellant, or if, in order to a complete determination of the equities of the whole case, other parties were for

any reason necessary, all these were matters proper to be brought before the court by the appellant in some appropriate pleading, and, being in a court of equity, the decree would doubtless have been moulded according to the equitable rights of the parties quite regardless of the form of the prayer in the appellee's bill.

The court below sustained demurrers to the fifth, sixth and eighth paragraphs of the appellant's answer, and this ruling is assigned for error.

The fifth paragraph of answer set up, that part of the land against which foreclosure of the mortgage was asked was not at the commencement of the suit owned by the defendant below, but that the same " was then and still is the sole property of one Mary M. Given, who was not a party to the suit."

As no ground was alleged why she should have been made a party, nor was it asked that she should be made a party, it is not perceived how the sustaining of the demurrer injured the appellant.

The sixth paragraph of answer alleges that after the appellee's cause of action accrued on the mortgage, the mortgagor Blake filed his petition asking to be adjudged a bankrupt, and that although the appellee was duly notified of such proceedings, he failed to file and prove his claim against him, and failed to receive any part of the estate of Blake, and that he was duly adjudged and discharged as a bankrupt.

This answer was bad for two reasons: 1. It did not appear that the bankrupt had any estate for distribution ; and, 2. The discharge of Blake as a bankrupt in no manner affected the lien of the appellee's mortgage, which was taken before the adjudication was had. *Truitt* v. *Truitt,* 38 Ind. 16 ; *Haggerty* v. *Byrne,* 75 Ind. 499.

The eighth paragraph of answer set up the fifteen years' statute of limitations.

This statute did not apply. The mortgage lien would not be barred until twenty years had elapsed after the cause of

action accrued. *Catterlin* v. *Armstrong, supra.* There was no error in the ruling of the court on the answers.

We have examined the points made by counsel as to the admissibility of certain evidence admitted on behalf of appellee and as to the amount of the recovery allowed by the court below. We think the testimony was admissible, and that there is evidence sustaining the finding of the court.

Judgment affirmed, with costs.

Filed Feb. 17, 1885.

## On Petition for a Rehearing.

MITCHELL, C. J.—Since the principal opinion was filed, and in support of the petition before us, learned counsel present an argument, in which great research and ability are manifest, and which is devoted to the discussion of questions neither argued nor, with but one exception, suggested before.

The questions presented, so as to fall within the rule requiring decision, were all considered and decided in the opinion filed. The ruling of the trial court in sustaining the demurrer to the second paragraph of the appellant's cross-bill was merely suggested in the brief filed in the first instance. The court below followed the ruling in *Catterlin* v. *Armstrong,* 79 Ind. 514, 525, in which the learned commissioner who pronounced the judgment of the court had explicitly determined the question arising thereon, and as no suggestion of disapproval of that case was made in the brief, we were, as counsel seemed to be, content to consider the point at rest.

It is now said that if the decision rendered in this case stands, it is impossible not to see that the appellant must suffer hardship and injustice, and we are pressed with an earnest and able argument to consider reasons adduced and authorities now cited for the first time to prevent the alleged injustice which it is claimed will result from the decision as it now stands.

The complaint in this case shows that a mortgage was executed by Blake to secure a debt owing to Kerr. This mort-

gage was dated September 23d, 1851. Blake also delivered an indemnity mortgage to Armstrong on the same and other lands on the 17th day of August, 1859. This mortgage, it is agreed, was duly recorded. A decree of foreclosure was rendered on the Kerr mortgage June 28th, 1860, and under this decree a sale was made to Catterlin August 11th, 1860. Armstrong was not made a party to the Kerr foreclosure. Catterlin received a sheriff's deed and went into possession at once, and made improvements.

It is now contended that a junior mortgagee, who has not been made a party to the proceeding, can not foreclose his mortgage against a purchaser in possession under a sale made in pursuance of a decree given on a senior mortgage, without first redeeming or offering to redeem from such sale, and it is insisted that because the bill asking a foreclosure in this case does not allege a redemption or offer to redeem, it was in consequence insufficient on demurrer.

In this connection the cases of *Cain* v. *Hanna*, 63 Ind. 408, and *Catterlin* v. *Armstrong, supra,* so far as they announce a contrary rule, are subjected to animadversion as infringing well settled principles.

It is also contended that a purchaser in possession under a senior mortgage, who has made valuable improvements on the land, is, as against a junior mortgagee, whose mortgage was duly recorded, but of which such purchaser had no actual notice, entitled to be reimbursed for his improvements.

That the rights of a junior mortgagee, who was not made a party, are in no manner affected by the foreclosure of and sale on a senior mortgage, has been so often determined that this much may now be accepted as settled. As respects him there has been no foreclosure, and he stands in relation to that suit and the sale under it as though they had never occurred. The purchaser at such sale has accomplished nothing more than to acquire and combine the rights and interests of the mortgagor and senior mortgagee. Thenceforth he stands to all intents and purposes in the shoes of both. He has ac-

quired and could acquire no right as against the junior encumbrancer which before was not possessed by those in whose place he stands. By his deed he acquired the legal title and right of redemption of the mortgagor. Superadded to these, equity maintains the senior mortgage on foot for his benefit. But neither the rights nor remedies of the junior mortgagee have been meanwhile affected or disturbed in the least degree. Whatever may have transpired to which he was not a party has deprived him of nothing, either in respect of right or remedy, which he possessed before. These conclusions are, we think, sound in principle and fully sustained by authority. *Holmes* v. *Bybee,* 34 Ind. 262; *Murdock* v. *Ford,* 17 Ind. 52; *Hosford* v. *Johnson,* 74 Ind. 479; *McKernan* v. *Neff,* 43 Ind. 503; *Hasselman* v. *McKernan,* 50 Ind. 441; *Goodall* v. *Mopley,* 45 Ind. 355; *Gage* v. *Brewster,* 31 N. Y. 218.

To ascertain what remedies a junior mortgagee may pursue after a foreclosure and sale on a senior mortgage to which he was not a party, it is only necessary to determine what he might have done before. That he might have maintained a suit to foreclose his mortgage, without first redeeming or offering to redeem from the senior mortgagee, can not be disputed. The most a senior mortgagee can do in such case, if he be made a party, is to exhibit his mortgage, either by answer or cross-bill, have it declared the prior lien and the sale decreed subject to it, or he may, in the same case, foreclose the right of both the mortgagor and junior mortgagee to redeem from him. If he can do more than this after a foreclosure of his mortgage and sale, then he has it in his power to deprive the junior encumbrancer of an important and valuable right without giving him a day in court. The right to foreclose his mortgage and expose the mortgaged estate to sale for the purpose of paying both mortgage debts, instead of redeeming from the first, is a valuable right and may be the only one which the junior encumbrancer is in position to avail himself of, and of this he can not be deprived during

the lifetime of his mortgage except by the judgment or decree of a court duly given. *Coleman* v. *Witherspoon,* 76 Ind. 285; *Moffitt* v. *Roche,* 76 Ind. 75. That a second or subsequent mortgagee has the equitable right to redeem the mortgaged estate by paying the prior encumbrance at any time after its maturity, can not affect his independent and concurrent right to foreclose and cut off the equity of redemption of all others who possess that right, and to sell the estate of the mortgagor or those standing in his place for the purpose of paying his debt, even though such sale may have to be made subject to the rights of prior mortgagees.

The precise question here involved was determined by Chancellor WALWORTH, in an elaborate opinion in the case of *Vanderkemp* v. *Shelton,* 11 Paige, 28. The learned chancellor there said: "In England, the court does not decree a sale of mortgaged premises, but merely allows the second encumbrancer to file a bill to redeem from the first encumbrance, and that the junior encumbrancers may redeem both of the prior ones, or be foreclosed. And the complainant there is, in all cases, required to offer to redeem the first encumbrance. But here, where the *puisne* creditor has the right to a sale of the estate to satisfy his debt, after applying so much of the proceeds of the sale as may be necessary to pay the debt and costs of the prior encumbrancer, he is not required to offer to pay the first encumbrance."

The right of the prior mortgagee, if made a party, is to set up his mortgage and have it adjudged the prior lien, and that it be first paid out of the proceeds of the sale, or if it is due he may by cross action have a decree of foreclosure against all concerned. What was said in *Cain* v. *Hanna, supra,* and *Catterlin* v. *Armstrong, supra,* concerning the right of a junior mortgagee to foreclose his mortgage after a foreclosure of and sale on a senior mortgage to which he was not made a party, is approved.

A purchaser, who obtains title and goes into possession under a sale made on a foreclosure of a senior mortgage, is not en-

titled to be reimbursed for permanent improvements which he has made, by a junior mortgagee who was not made a party, .and whose mortgage was duly recorded at the time of such foreclosure and sale. This was decided when this case was here before. That decision was cited and followed by WOODS, .J., in *Taylor* v. *Morgan,* 86 Ind. 295. The point involved was fully considered and determined in the case of *Ritter* v. *Cost,* 99 Ind. 80, which is in principle analogous. In *Coleman* v. *Witherspoon, supra,* substantially the same question is in judgment.

That a person in possession of real estate under color of title, and who, while so in possession, in good faith makes valuable improvements, will be allowed the benefit of such improvements upon failure of his title, is a salutary provision of the statute. This case, however, does not fall within its protection; no such claim is made. Nor is the contention of the appellant maintainable as a doctrine of equity. The consideration that he had no actual knowledge of the Armstrong mortgage is of no moment. It is admitted that it was of record, and he was, therefore, conclusively charged with notice of it, as also with the rights of the mortgagee under it. He will be presumed to have bid and made the purchase with reference to the junior mortgage, and with respect to the junior mortgagee he became to all intents the mortgagor and equitable assignee of the senior mortgage. He had the clear right by a strict foreclosure to cut off any right of Armstrong under his mortgage, had he chosen to inform himself of the condition of the record. Instead of doing this he made improvements on the property, which under all the authorities became part of it.

It is not averred that he was misled into this by any misrepresentation, concealment or other misconduct of Armstrong. That Armstrong had knowledge of the fact that Catterlin. was making improvements on the lot, without more, did not constitute an estoppel against him. In legal contemplation, Catterlin had notice of his mortgage. The improve-

ments which he made are to be considered as if made by the mortgagor, whose shoes the appellant stands in with respect to the title. *Wharton* v. *Moore,* 84 N. C. 479 (37 Am. R. 627); *Rice* v. *Dewey,* 54 Barb. 455. Nor has he any greater right to demand an accounting for taxes paid than the mortgagor himself would have had in case he had remained the owner and in possession. The whole question is covered by the suggestion that as to Armstrong the foreclosure and sale on the Kerr mortgage left him with respect to his rights, remedies and obligations precisely as if it had not occurred.

Concerning the right of Catterlin to require the mortgaged premises to be sold in the inverse order of alienation, no doubt can exist as to the rule, but the record presents no case for its application. The complaint for foreclosure does not disclose whether the other parcels of land embraced in Armstrong's mortgage were sold by Blake or not, or whether they may not have been sold before the appellant's rights attached ; nor is anything made to appear showing their value. It was for the appellant to bring the facts upon the record by answer.

The petition for a rehearing is overruled.

