## FREDERICK LLOYD

### *v.*

## GEORGE M. LEE.

1. ESTOPPEL. A decree in equity, upon the same points, between the same parties, where the matters in controversy were specifically determined, is good as a plea in bar, and when given in evidence constitutes an estoppel in a subsequent suit.

2. Where a party fails to make his rights known, where fairness and good conscience require that he should do so to protect the interests of others, he cannot be heard as against them to assert such rights.

3. EQUITY OF REDEMPTION. The purchaser of an equity of redemption succeeds to all the rights of the vendor.

APPEAL from the Circuit Court of Marshall county; the Hon.
S. L. RICHMOND, Judge, presiding.

The facts appear in the opinion.

Messrs. WEAD & JACK, for the appellant.

Messrs. FORT & BOAL, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in equity, commenced by George M. Lee, in
the Marshall Circuit Court, against Andrew V. Shurts, Peter
W. Mellick, David W. Danley, James Wilson and Theodore
Lloyd, to compel the specific performance of an agreement to
convey fifty acres of land. It appears, that in June, 1855, one
Jared Lee sold the S. E. 19, 13 N. 9 E. to Shurts, and he, to
secure the payment of the purchase money, gave his note for
$1,649.87, with ten per cent interest, and executed a mortgage
on the land. Afterward, appellee, the son of Jared Lee, pur-
chased of Shurts fifty acres off of the west side of the quarter,
for the sum of $460, and paid a portion of the money on the
purchase, and executed his note for $287.34 for the balance, due
the 1st of April, 1856, and this money, when paid, was to be
credited on Shurts' note to Jared Lee. But George M. Lee
was to receive no deed until his note should be fully paid.

Some time in January, 1856, Jared Lee died and Samuel B.
McLaughlin became administrator of his estate. He afterward
brought suit on the note against Shurts, and recovered a judg-
ment for the amount of principal and interest. In January,
1858, the administrator filed a bill against Shurts, George M.
Lee and others to foreclose the mortgage. The bill alleged,
that George M. Lee claimed to have some interest or title to.
the mortgaged premises. He filed his answer, not under oath,
in which he set up his purchase of Shurts, with his father's
knowledge and consent, and that he had fully paid the pur-
chase money to his father, and claimed that he was entitled to
a deed. That upon the payment to Jared Lee he acknowl-
edged satisfaction of the mortgage to the extent that it affected

the portion purchased by him. He prayed an injunction to prevent the administrator from proceeding further to subject his portion of the quarter to sale for the satisfaction of the mortgage. On the hearing, he introduced no evidence in support of his answer, and a decree was rendered for the amount of the judgment, with interest, and the land was ordered to be sold to pay the mortgage debt.

The land was afterward sold by the master under the decree, and Lloyd, who had previously purchased the equity of redemption from Shurts, and received a deed, became the purchaser of all but the fifty acres sold to G. M. Lee. This decree and sale were set up and relied upon in this case as a bar to the relief sought by appellee. But the court below refused to allow the defense, and rendered a decree according to the prayer of the bill, from which this appeal is prosecuted.

It is now urged that the decree of foreclosure and sale settles and concludes appellee's right to a specific performance of the agreement. Had the court, in that proceeding, specifically determined his rights by the decree, the position would, no doubt, be well taken, but such was not the case. The decree found the land subject to the mortgage, and, virtually, that it was a first and preferred lien, and directed the sale of the land for its payment. But when the sale was made, the portion purchased by appellee was not offered, and the entire mortgage debt was satisfied and discharged by the sale of the remaining one hundred and ten acres; and the effect of selling the remainder was to free the portion purchased by appellee from the prior lien of the mortgage. Had the whole quarter been sold, and passed redemption, then the position contended for by appellant would have been correct; but having, to preserve the equity of redemption, purchased the portion sold, and having satisfied the mortgage debt, the claim on the fifty acres sold to appellee for its satisfaction ceased.

A question, however, arises, as to what rights appellant acquired by the purchase of the equity of redemption by Shurts. He unquestionably succeeded to all of the rights held by Shurts, and of those was the right to either have the pay

for the fifty acres or the land itself. Appellee had agreed as the price to pay upon the mortgage to his father, $460, for the purpose of releasing the land, and was not entitled to a deed until he should pay that sum. If it has not been paid, then appellant has the right to receive it before he can be required to convey to appellee ; or, if he paid any portion of that sum to his father, and it was not credited on the mortgage, or he failed to establish the fact, and have it deducted from the amount found in the decree, he has been guilty of *laches*, and has imposed a burden on appellant that is unjust and inequitable, and which appellant should not be required to bear. If such payments were made, he had the evidence, was made a party to the suit for a foreclosure, and had the opportunity, and it was his duty, to have shown it, and relieved the land of the burden, and have prevented his father's estate from recovering money already collected, and in the distribution of which, so far as this record discloses, he may be entitled to participate. Having failed then to speak, when fairness and good conscience required it, he should not be heard now, when to do so it would operate unjustly. Having failed then to prove that he had made payments on and reduced the mortgage so as to relieve appellant, he should be required to pay the money to appellant before he is entitled to receive a deed. If, however, it should appear that he had made payments which were credited on the mortgage debt, and appellant thus relieved to that extent, then he should be credited to that extent on the amount he agreed to pay, with accruing interest on the sum he should pay before he is entitled to a deed. If he can show that he has paid the whole amount, and that it was credited on the mortgage debt, and was deducted therefrom when the decree was rendered, then he is entitled to a deed without the payment of a further sum. But the court below erred in rendering the decree granting the relief without ascertaining whether any or what sum was due appellant, and requiring its payment before a deed should be made. The decree is reversed and the cause remanded.

*Decree reversed.*